UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
BRIAN LEGRAND,                           :
                                         :
                         Plaintiff,      :        09 Civ. 9670
                                         :          (DLC)
               -v-                       :
                                         :        OPINION & ORDER
THE CITY OF NEW YORK, ET AL.,            :
                                         :
                         Defendants.     :
                                         :
----------------------------------------X

Appearances:

For Plaintiff:
Joel Berger, Esq.
360 Lexington Avenue, 16th Floor
New York, NY 10017

For Defendants:
Barry Myrvold
City of New York Law Department
100 Church Street
New York, NY 10007


DENISE COTE, District Judge:

     The City of New York ("City") and two defendant police

officers have moved pursuant to 28 U.S.C. § 1404 to transfer

this action to the Eastern District of New York.  The plaintiff

objects.  For the following reasons, the motion to transfer is

granted.

     A recent decision by the United States Court of Appeals for

the Second Circuit regarding the impact of the "forum rule" in

making an award of attorney's fees has created an incentive to
file all civil rights litigation against the City in the
Southern District of New York.  See Simmons v. N.Y. City Transit
Auth., 575 F.3d 170, 175 (2d Cir. 2009).  Where the events
underlying the litigation arise and the plaintiff resides in the
Eastern District of New York, the plaintiff's decision to file
the lawsuit in the Southern District of New York likely reflects
impermissible forum shopping and, in the absence of
countervailing factors, must be rejected.


BACKGROUND

        The plaintiff, a resident of Brooklyn, alleges that on
August 9, 2009, he was illegally arrested by defendants Quiroz
and Ortiz in the vicinity of Nostrand Avenue and Carroll Street
in Brooklyn, New York.  Quiroz and Ortiz were and still are
assigned to the 71st Precinct of the New York City Police
Department ("NYPD"), which is also located in Brooklyn.  The
City is a municipal corporation organized under the laws of the
State of New York and operates the NYPD in all five boroughs of
the City, two of which fall within the Southern District of New
York and three of which fall within the Eastern District of New
York.  Brooklyn is in the Eastern District of New York.

        According to the complaint, Quiroz, dressed in plain
clothes, approached and asked the plaintiff and the plaintiff's

friend for identification.  A third individual, named Reggie, approached them and asked what was going on, and was subsequently arrested.  Reggie then urged others to take photographs of his arrest.  The plaintiff used his cellular telephone to take pictures of Reggie's arrest and was himself arrested.  The arrest report tells a different story.  It states that the plaintiff was stopped for questioning in a robbery investigation.  According to the report, the plaintiff argued with Quiroz, who then informed the plaintiff that he was under arrest, at which point the plaintiff yelled to a gathering crowd that the crowd should take pictures of the arrest.

The plaintiff was transported to the 71st precinct station house, where he alleges that he was kept in a cell for approximately five hours.  The Brooklyn District Attorney's office ultimately declined to prosecute the case, stating in a Declined Prosecution Report that the plaintiff "has a freedom of speech and there is nothing inappropriate with telling a crowd to take pictures of an arrest.  Insufficient evidence [exists] to prosecute for disorderly conduct."

On November 20, the plaintiff filed a complaint in this district seeking relief under 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.  The plaintiff contends that the defendants violated his constitutional rights by illegally

arresting him and falsely imprisoning him.  On January 15, 2010, the defendants moved to transfer this case to the Eastern District of New York.


DISCUSSION

The standard for a motion to transfer venue pursuant to 28 U.S.C. § 1404 is well established.  Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006); see also Saccoccio v. Relin, Goldstein & Crane, LLP, No. 06 Civ. 14351(DLC), 2007 WL 1334970, at *1 (S.D.N.Y. May 7, 2007).  The movant bears the burden of establishing that transfer is warranted.  Saccoccio, 2007 WL 1334970, at *1.  If the transferee court also has jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate.  Id. (citation omitted).  The factors a court considers in making that determination include:

> (1) the plaintiff's choice of forum, (2) the
> convenience of witnesses, (3) the location of relevant
> documents and relative ease of access to sources of
> proof, (4) the convenience of parties, (5) the locus
> of operative facts, (6) the availability of process to
> compel the attendance of unwilling witnesses, [and]
> (7) the relative means of the parties.

D.H. Blair, 462 F.3d at 106-07 (citation omitted).  A court may

also consider "the forum's familiarity with the governing law"

and "trial efficiency and the interest of justice, based on the

totality of the circumstances."  Berman v. Informix Corp., 30

F.Supp.2d 653, 657 (S.D.N.Y. 1998).  The location of counsel is

not ordinarily entitled to any weight in this analysis.  Frobes

v. Stryker Corp., No. 08 Civ. 1897(NG), 2009 WL 3387037, at *2

(E.D.N.Y. Aug. 5, 2009); Azari v. B&H Photo Video, No. 06 Civ.

7825(DLC), 2007 WL 13101, at *3 (S.D.N.Y. Jan. 3, 2007).

Ordinarily, the plaintiff's choice of forum should not be

disturbed "unless the defendants make a clear and convincing

showing that the balance of convenience favors defendants'

choice."  Berman, 30 F.Supp.2d at 656 (citation omitted).  The

plaintiff's choice is entitled to less deference, however, where

the forum is not the plaintiff's home and the cause of action

did not arise in the forum.  See Iragorri v. United Tech. Co.,

274 F.3d 65, 71 (2d Cir. 2001) (forum non conveniens analysis);

see also Amick v. Am. Exp. Travel Related Servs. Co., No. 09

Civ. 9780(AKH), 2010 WL 307579, at *2 (S.D.N.Y. Jan. 26, 2010)

(§ 1404 analysis); AIG Fin. Prods. Corp. v. Pub. Util. Dist. No.

<u>1</u>, --- F.Supp.2d ----, No. 09 Civ. 6795, 2009 WL 4823895(LMM), at *11 (S.D.N.Y. Dec. 15, 2009) (same); <u>Erick Van Egeraat Associated Architects B.V. v. NBBJ LLC</u>, No. 08 Civ. 7873(JSR), 2009 WL 1209020, at *5 (S.D.N.Y. Apr. 29, 2009) (same).

The plaintiff does not dispute that the Eastern District of New York would have jurisdiction over this action.  The defendants argue that venue is also more proper in the Eastern District under 28 U.S.C. § 1391(b), which provides venue for claims under 42 U.S.C. § 1983, because the defendant police officers were and are assigned to a precinct in Brooklyn, the plaintiff is a resident of Brooklyn, and all the events giving rise to the plaintiff's claims occurred in Brooklyn.

The first issue to address is the weight to be accorded to the plaintiff's choice of forum.  Because the plaintiff resides in the Eastern District of New York and the events occurred there, the plaintiff's choice is entitled to less deference than it would otherwise receive.  As the Court of Appeals observed in the context of addressing the deference to be given a plaintiff's choice of forum in the context of a motion to dismiss a case on <u>forum non conveniens</u> grounds, "[t]he more it appears that a . . . plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice."  <u>Iragorri</u>, 274 F.3d at 72.  Conversely, "the more

it appears that the plaintiff's choice of a . . . forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands." Id.

Here, it appears that the plaintiff filed his lawsuit in the Southern District of New York not because this district was a more convenient forum for him but because he expects to achieve a larger award of attorney's fees in this district than in the Eastern District of New York.  The Second Circuit's recent decision in Simmons clarified the weight to be given to the "forum rule" when a court selects the hourly rates to compensate counsel.  Simmons, 575 F.3d at 174.  The forum rule provides that "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  Id. (citation omitted).  Simmons explained that when a court is faced with a request for an award of attorney's fees at higher out-of-district rates, there is a "presumption in favor of application of the forum rule."  Id. at 175.  A litigant can overcome the presumption by "persuasively" establishing that

> a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. . . .  A litigant cannot overcome the presumption through mere proximity of the districts, nor can a litigant overcome the presumption by relying on the prestige or 'brand name' of her selected counsel . . . .  The party

> seeking the award must make a particularized
> showing . . . of the likelihood that use of
> in-district counsel would produce a
> substantially inferior result.

Id. at 176.  The presumption outlined in Simmons applies to

§ 1983 litigation.  McDaniel v. County of Schenectady, --- F.3d

----, No. 07-5580-CV, 2010 WL 520899, at *15 n.6 (2d Cir. Feb.

16, 2010).  The upshot of the forum rule is that it is more

lucrative for plaintiffs' attorneys to file civil rights

lawsuits against the City in the Southern rather than the

Eastern District of New York due to higher prevailing rates for

attorney's fees in the Southern District.  When a plaintiff has

chosen the Southern District of New York, not because of

convenience, but because of the interplay of the forum rule and

this district's higher prevailing rates for attorney's fees, his

choice of forum is entitled to little deference.

The examination of the remaining factors that should be

considered on a motion to transfer does not suggest that this

litigation should remain in this district.  The individual

parties,[1] and to the extent they have been identified, the

witnesses as well, are all located in the Eastern District of

New York.  The documents were all created in and filed in the

_____

[1] In a suit against public officials, residence for the purpose
of venue is where the officials perform their duties.  See Cain
v. N.Y. State Bd. of Elections, 630 F. Supp. 221, 225 (E.D.N.Y.
1986); Buffalo Teachers Federation, Inc. v. Helsby, 426 F. Supp.
828, 829 (S.D.N.Y. 1976).

Eastern District, even though they may now reside in counsel's files in the Southern District.  The operative facts all occurred in the Eastern District as well.  The proximity of the two districts renders several of the factors relatively insignificant in this inquiry.  Thus, witnesses could be compelled to attend court proceedings in either district and the parties' financial circumstances would not interfere with them participating in proceedings in either district.  Finally, both federal courts are familiar with the governing law and could address the case efficiently.

The interests of justice and the totality of circumstances strongly favor a transfer.  When all of the relevant facts arose and parties are located in a neighboring district, permitting suit to proceed in this district to gain a tactical advantage in the litigation of attorney's fees must be discouraged.  Any other outcome would invite the filing of litigation in the Southern District of New York that has little legitimate connection to this district.  In sum, the defendants have shown that when all of the factors relevant to a § 1404 motion and the interests of judicial administration are weighed, their motion should be granted.

CONCLUSION

The defendants' January 15, 2010 motion to transfer this lawsuit to the Eastern District of New York is granted.

SO ORDERED:

Dated:    New York, New York
          March 3, 2010

                              _____
                                     DENISE COTE
                              United States District Judge

10